SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Herrera, | No.  CV 15-1285-PHX-DGC (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Carlos Herrera, who is confined in the Durango Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint for failure to state a claim with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $13.14.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

JDDL-K

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## III.    Complaint

Plaintiff asserts five counts for the denial of basic necessities.  Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio, unspecified Maricopa County Sheriff's Office (MCSO) officers, and Maricopa County.  Plaintiff seeks compensatory relief.

Plaintiff alleges the following in his Complaint: Defendants have housed Plaintiff in buildings containing or exposing him to toxic materials, including asbestos, which he contends is flaking and friable (Count I).  Defendants placed Plaintiff in a holding cell at an intake facility with so many other inmates that he could not sit down without touching other inmates (Count II).  Defendants failed to provide a proper diet for Plaintiff's medical condition, diverticulitis, on several occasions, which resulted in him receiving antibiotics (Count III).  Defendants placed him in a pod containing fifteen cells designed to hold two inmates each, but sixty inmates were confined in the pod or approximately double the intended number, which prevented Plaintiff from being able to sit and eat meals (Count IV).  Defendants housed Plaintiff in a pod with only two showers and two toilets for sixty inmates, which impeded Plaintiff's ability to use the restroom when needed.

## IV.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an

JDDL-K

affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the agency over which that individual has final policy-making authority. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights, absent more, does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his personal capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *accord Proctor v. Applegate*, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

### A.   *Graves v. Arpaio*

Plaintiff asserts that, in addition to 42 U.S.C. § 1983, this Court has jurisdiction

JDDL-K

pursuant to *Graves v. Arpaio*, CV 77-00479-PHX-NVW, formerly *Hart v. Hill* (D. Ariz.). However, Plaintiff may not enforce the decrees entered in *Graves* in a separate civil rights action.  *See Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir.1990); *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Moreover, standing alone, remedial orders, such as those entered in *Graves*, cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws."  *Green*, 788 F.3d at 1123-24.  Rather, remedial decrees are the means by which unconstitutional conditions are corrected.  *Id.* at 1123.  Accordingly, to the extent that Plaintiff seeks relief pursuant to *Graves* in this action, Plaintiff fails to state a claim.

### B.        Unspecified MCSO Officers

Plaintiff purports to sue unspecified MCSO officers.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

JDDL-K

As discussed herein, Plaintiff will be granted leave to file an amended complaint in which he should name as Defendants the person(s) who allegedly violated his constitutional rights.  If Plaintiff does not know the names of those person(s), Plaintiff may refer to each such person by a fictitious name, e.g., John Doe 1, John Doe 2, and so on *and* allege facts to support how each defendant violated his constitutional rights.  That is, Plaintiff must allege when, where, and how any Doe defendant violated his constitutional rights.

## C.    Maricopa County

Plaintiff sues Maricopa County.  A municipality is a "person" for purposes of § 1983, which may be sued under § 1983.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell*, 436 U.S. at 694. To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality.  *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989)).  Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff fails to allege facts to support that Maricopa County maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any County policy or custom.  Accordingly, Plaintiff fails to state a claim against Maricopa County and it will be dismissed.

/        /        /

JDDL-K

- 6 -

### D.    Conditions of Confinement/Basic Necessities

Plaintiff's claims concern conditions of confinement at the Durango Jail.  Plaintiff does not allege when or for how long he was confined in the Durango Jail or whether he was a pretrial detainee, convicted inmate, or both at relevant times.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause while a convicted inmate's claim arises under the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Nevertheless, the same standards are applied.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted).  To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994); *see Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm.  *Farmer*, 511 U.S. at 834.  "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred."  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  Further, whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition.  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).  In addition, allegations of overcrowding, alone, are insufficient to state a claim.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  When, however, overcrowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, the inmate's right against cruel and unusual punishment may be violated.  *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984).

JDDL-K

1    A plaintiff must also allege facts to support that a defendant acted with deliberate

2    indifference.  Deliberate indifference is a higher standard than negligence or lack of

3    ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  To state a claim of

4    deliberate indifference, a plaintiff must meet a two-part test.  First, the alleged

5    constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or

6    omission must result in the denial of "the minimal civilized measure of life's necessities."

7    *Id.* at 834 (citations omitted).  Second, the prison official must have a "sufficiently

8    culpable state of mind," i.e., he must act with deliberate indifference to inmate health or

9    safety.  *Id.* (citations omitted).  In defining "deliberate indifference" in this context, the

10   Supreme Court has imposed a subjective test: "the official must both be aware of facts

11   from which the inference could be drawn that a substantial risk of serious harm exists,

12   and he must also draw the inference."  Id. at 837 (emphasis added).

13   Plaintiff does not allege for how long he was confined in the Durango Jail or the

14   frequency or duration of his exposure to the complained of conditions.  Instead, he recites

15   the standard to state a claim for unconstitutional conditions, i.e., deliberate indifference to

16   an excessive risk, without alleging facts to connect any Defendant to those conditions or

17   Plaintiff's exposure to those conditions.  For example, Plaintiff alleges that he suffered

18   bouts of diverticulitis, which he attributes to sometimes not receiving the proper medical

19   diet, but he fails to allege facts to support when and how any Defendant allegedly caused

20   him not to receive the proper meal.  Indeed, such errors appear to have been nothing more

21   than inadvertent or negligent.  Negligence is not sufficient to state a claim.  Moreover,

22   Plaintiff acknowledges that he received medical treatment for diverticulitis.  In short,

23   while Plaintiff recites the standard in each count, he fails to allege facts to support that

24   any Defendant acted with deliberate indifference to those conditions.  Accordingly,

25   Plaintiff fails to state a claim for unconstitutional conditions.

26   **V.    Leave to Amend**

27   For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

28   state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

JDDL-K

- 8 -

first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

/        /        /

JDDL-K

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.14.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

JDDL-K

Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 19th day of August, 2015.

_David G. Campbell_
_____
David G. Campbell
United States District Judge

**JDDL-K**

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                    1

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                  U.S. District Court Clerk
U.S. Courthouse, Suite 130               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , <br> (Full Name of Plaintiff)        Plaintiff, <br><br>                      vs. <br><br> (1) _____ , <br> (Full Name of Defendant) <br> (2) _____ , <br><br> (3) _____ , <br><br> (4) _____ , <br>                  Defendant(s). <br> ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) <br> ) <br> ) <br> ) <br> )  **CASE NO.** _____ <br> )        (To be supplied by the Clerk) <br> ) <br> ) <br> ) <br> )     **CIVIL RIGHTS COMPLAINT** <br> )          **BY A PRISONER** <br> ) <br> )  ☐ Original Complaint <br> )  ☐ First Amended Complaint <br> )  ☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation

☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                     ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count I?                          ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?              ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                                ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.